IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY AVOCADO CORPORATION d/b/a CUSTOMRIPE AVOCADO COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>POLO'S PRODUCE, INC., et al.,<br><br>Defendants. | Case No.: 1:10-cv-01298 AWI JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT<br><br>(Doc. 23) |

Henry Avocado Corporation seeks the entry of default judgment and an award of damages, including an amount for attorneys fees and interest. (Doc. 23) Plaintiff's claim for the attorneys fees and interest is based upon its contention that the terms of its invoice imposed upon Defendants enforceable, contractual obligations. For the reasons set forth below, the Court recommends that Plaintiff's requests be **GRANTED.**

**I.  Procedural History**

On July 21, 2010, Henry Avocado Corporation doing business as CustomRipe Avocado Company, filed its complaint against Polo's Produce, Inc.; Jose M. Sanchez; Ricardo G. Sanchez; Apolonio Sanchez; Samuel H. Loera; Francisco Covarrubias; and Efrain G. Sanchez (collectively, "Defendants"), alleging violations of the Perishable Agricultural Commodities Act ("PACA").

1

Specifically, Plaintiff alleges Defendants failed to maintain the PACA trust and make payment to Plaintiff. In addition, Plaintiff alleges Defendants are liable for breach of contract and breach of fiduciary duties to PACA trust beneficiaries.

Defendants were properly served with the complaint on August 10, 2010, and failed to respond within the time prescribed by the Federal Rules of Civil Procedure. Upon application of Plaintiff, and pursuant to Fed.R.Civ.P. 55(a), default was entered against Defendants on September 3, 2010 (Docs. 16-22). Plaintiff filed the motion for default judgment now before the Court on September 21, 2010 (Doc. 23). Despite being served with all documents from the Summons and Complaint to Plaintiff's request for entry of default and motion for default judgment, Defendants have failed to participate in this action. Likewise, Defendants have not opposed Plaintiff's motion for default judgment. The Court reviewed Plaintiff's motion and supporting documents, and heard oral argument on November 2, 2010.

## II. Legal Standards for Default Judgment

The Federal Rules of Civil Procedure govern applications to the Court for issuance of default judgment. Where a default has been entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed.R.Civ.P. 55(a)-(b). After the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. Pope v. United States, 323 U.S. 1, 22 (1944); see also Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).

The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment. Pepsico, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002), accord Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). In addition, granting or denying a motion for default judgment is within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1980 (9th Cir. 1980). The Ninth Circuit opined,

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6)

whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As a general rule, the issuance of default judgment is disfavored. Id. at 1472.

**III.  Application of *Eitel* Factors**

Applying the factors articulated by the Ninth Circuit in Eitel, the Court finds that the factors weigh in favor of granting Plaintiff's motion for default judgment.

A.   Prejudice to Plaintiff

Plaintiff has no other alternative by which to recover damages suffered as a result of Defendant's piracy. See J & J Sports Prods. v. Rodriguez, 2010 U.S. Dist. LEXIS 20288, at * 7 (E.D. Cal. March 5, 2010). Therefore, the Court finds that Plaintiff would be prejudiced if a default judgment is not granted.

B.   Merits of Plaintiff's claims and sufficiency of the complaint

Given the kinship of these factors, the Court will consider the merits of Plaintiff's substantive claims and the sufficiency of the complaint together. See J & J Sports Prods. v. Hernandez, 2010 U.S. Dist. LEXIS 48191, at *3, n. 4 (E.D. Cal. May 17, 2010). The Ninth Circuit has suggested that when these factors are combined, together they require a plaintiff to "state a claim on which the plaintiff may recover." Pepsico, Inc., 238 F.Supp.2d at 1175, citing Kleopping v. Fireman's Fund, 1996 U.S. Dist. LEXIS 1786, at *6 (N.D. Cal. Feb. 14, 1996); see also Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (C.D. Cal. 2004) ("default judgment may not be entered on a legally insufficient claim").

Under PACA, it is unlawful for any commission merchant, dealer, or broker to "fail or refuse truly and correctly to account and make full payment in respect of any transaction in any [perishable commodity] to the person with whom such transaction is had… or to fail to maintain the trust as required." 7 U.S.C. § 499b(4). A trustee much hold any commodities and receivables, or proceeds from the sale of the commodities, in trust for the benefit of all unpaid suppliers or sellers until full payment of the amount owed has been received. 7 U.S.C. § 499e(c).

To establish a claim under PACA, a plaintiff must establish:

3

> (1) the commodities sold were perishable agricultural commodities, (2) the purchaser was a commission merchant, dealer, or broker, (3) the transaction occurred in contemplation of interstate or foreign commerce, (4) the seller has not received full payment on the transaction, and (5) the seller preserved its trust rights by including statutory language referencing the trust on its invoices.

Beachside Produce, LLC v. Flemming Enters., LLC, 2007 US. Dist. LEXIS 44074, at *6 (N.D. Cal. June 6, 2007), citing 7 U.S.C. § 499e(c)(3)-(4); 7 C.F.R. § 46.46(c), (f). In addition, "individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act." Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997).

Because default has been entered against Defendants, the factual assertions of Plaintiff are taken as true. See Pope, 323 U.S. at 22. Plaintiff's business consists of selling wholesale quantities of produce in interstate commerce. (Doc. 1 at 2) Defendant Polo's Produce has a valid PACA license, number 19960229, and at the time of sale, Plaintiff held PACA license number 19800609. Id. at 2-3. Plaintiff sold produce in interstate commerce to Polo's Produce in the amount of $22,696.00. Id. at 2. However, Polo's Produce failed to pay for the produce. Id. at 3. After Plaintiff filed its Complaint, Polo's Produce paid $5,000 toward the balance owed Plaintiff. (Doc. 24 at 3, n. 7). The amount still owed to Plaintiff for the sale of the produce is $17,696.00. Id. at n.10. Plaintiff, as the seller "gave written notice of intent to preserve trust benefits to Polo's Produce by including the statutory language required by 7 U.S.C. §499e(c)(4) on each of its invoices, and by sending those invoices to Polo's Produce." (Doc. 1at 4; see also Doc. 25, Ex. A)

Plaintiff alleged facts supporting the creation of a trust and a breach of that trust under 7 U.S.C. § 499b(4) by Polo's Produce. Moreover, Plaintiff has alleged facts that defendants Jose Sanchez, Richardo Sanchez, Apolonio Sanchez, Samuel Loera, Francisco Covarrubias, and Efrain Sanchez were all in positions in which they could control the assets of Polo's Produce, but the company failed to preserve trust assets for Plaintiff. Therefore, they have breached a fiduciary duty and a personally liable for the tortuous act. Sunkist, 104 F.3d at 383; see also Coosemans Specialties, Inc. v. Garguilo, 485 F.3d 701 (2nd Cir. 2007). Therefore, in the instant case, Plaintiff has sufficiently stated a claim under PACA against Defendants.

///

### C. Sum of money at stake

In considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendants' conduct." Pepsico, Inc., 238 F.Supp.2d at 1176. Here, the damage award sought by Plaintiff is the payment of $17,696. (Doc. 24 at 4). This amount represents the total sum owed after a series of sales of avocados by Plaintiff. Polo's Produce did not comply with its obligations under PACA, and the remaining defendants violated their fiduciary duties. Thus, the amount of damages is proportional to Defendants' conduct.

### D. Possibility of dispute concerning material facts

The Court also considers the possibility of dispute as to any material facts in the case. However, there is little possibility of dispute concerning material facts because (1) based on the entry of default, the Court accepts all allegations in Plaintiff's Complaint as true, except for those relating to damages, and (2) Defendants have not made any effort to challenge the Complaint or otherwise appear in this case.

### E. Whether default was due to excusable neglect

Generally, the Court will consider whether Defendant's failure to answer is due to excusable neglect. See Eitel, 782 F.2d at 1472. Here, Defendants were properly served with the Summons and Complaint. Moreover, Defendants received Plaintiff's motion for default judgment. Given these circumstances, it is unlikely that Defendants' failure to answer, and the resulting defaults entered by the Clerk of Court, was a result of excusable neglect. See Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D.Cal. 2001) (finding no excusable neglect because the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion").

### F. Policy disfavoring default judgment

As noted above, default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible. Eitel, 782 F.2d at 1472. However, Defendants' failure to answer the Complaint makes a decision on the merits impractical. Consequently, the policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits does not weigh against Plaintiff.

///

## IV. Damages

Under PACA, a "commission merchant, dealer, or broker…shall be liable to the person or persons injured. . .for the full amount of damages" after a violation. 7 U.S.C. §499e(a). Plaintiff seeks $17,696.00 in damages. According to the declaration of Diane Brownell, Accounts Receivable Supervisor for Plaintiff, this is amount remaining after Defendants paid $5,000 of the total owed to Plaintiff (Doc. 25 at 3). Based upon this evidence, the Court finds that that Defendants are liable for their violation of PACA. Therefore, the Court recommends that Plaintiff be **AWARDED** $17,696.00 in damages.

## V. Attorneys' Fees, Pre-Judgment Interest, and Costs

Plaintiff asserts, "Henry Avocado contracted with Defendants to recover its reasonable attorneys' fees and pre-judgment interest at the rate of 18% per annum in the event than an invoice is unpaid and a collection effort is needed to recover the monies owed on the face of its invoice." (Doc 25 at 4) Plaintiff requests an award of attorneys' fees of $4,077.00; pre-judgment interest (through September 21, 2010) totaling $2,198.18; and reimbursement of costs totaling $809.50.

### A. Attorneys' fees

Though attorneys' fees are not specifically provided for under PACA, it does not preclude them. J.C. Produce v. Paragon Steakhouse Restaurants, 70 F.Supp.2d 1119, 1123 (E.D. Cal. 1999). The Ninth Circuit has determined that a PACA beneficiary may also recover expenses and fees that are due contractually or otherwise "in connection with" the transaction, or series of transactions, causing the Plaintiff to bring a PACA trust claim. Middle Mountain Land & Produce. v. Sound Commodities, 307 F.3d 1220, 1223-24 (9th Cir. 2002). The Court declined to determine whether an invoice created a contractual right to attorneys' fees in a PACA case, but rather remanded that issue to the district court. Id. at 1225. However, in other contexts, the Ninth Circuit has determined that terms expressed in an invoice for the sale of goods impose contractual duties. United States ex rel. Hawaiian Rock Prods. Corp. v. A.E. Lopez Enters., 74 F.3d 972, 976 (9th Cir. Guam 1996).

Review of the cases cited by Plaintiff in support of its request for attorneys' fees reveal that neither the Ninth Circuit nor the Eleventh Circuit have determined explicitly that an invoice creates a contract for attorneys' fees arising in PACA trust cases. See id.; Country Best v. Christopher Ranch,

6

1  LLC, 361 F.3d 629, 633 (11th Cir. 2004).  Nevertheless, the Second Circuit has held that invoices
2  may create a contractual obligation to pay attorneys' fees after considering the language on the
3  invoices issued according to New York law.  Coosemans Spcialties v. Gargiulo, 485 F.3d 701, 705
4  (2nd Cir. 2007).  In Southwest Concrete Products v. Gosh Construction Corp., 51 Cal. 3d 701, 709
5  (Cal. 1990), the California Supreme Court determined that late charges, in the form of interest,
6  become "part of the contract under section 2207 of the California Uniform Commercial Code."  This
7  statute provides that new or different terms added in an invoice, for example, "become part of the
8  contract unless: (a) The offer expressly limits acceptance to the terms of the offer; (b) They
9  materially alter it; or (c) Notification of objection to them has already been given or is given within a
10 reasonable time after notice of them is received." Cal. U. Com. Code § 2207(2).  Because the Court
11 finds that neither the interest nor attorneys fees terms materially alter the contract for the PACA
12 goods, it appears that the Coosemans rationale would support the request for attorneys fees here.
13         Also, district courts within this Circuit have imposed contractual obligations as to terms first
14 expressed in invoices preserving a PACA trust.  C. H. Robinson Co. v. Marina Produce Co., 2007
15 U.S. Dist. LEXIS 3098 at *11 (N.D. Cal. Jan. 4, 2007);  Underwood & Wong v. Enriquez, 2010 U.S.
16 Dist. LEXIS 73786, at *3-4 (E.D. Cal. July 21, 2010) ("Pursuant to the express language of the
17 contracts, the prevailing party is entitled to an award of attorneys [sic] fees…").  Therefore, the
18 Court recommends that Plaintiff's request for attorneys' fees be **GRANTED.**
19         B.   Pre-judgment interest
20         Where supported by a contractual right, prejudgment interest may be included in a PACA
21 trust claim.  Middle Mountain, 307 F.3d at 1225.  The Court has discretion to award reasonable
22 prejudgment interest to a PACA claimant when there is not a contract between the parties, if such
23 award is necessary to promote the interest of the claimant.  Id. at 1225-26.  Each of the invoices
24 showing the sales between Plaintiff and Polo's Produce states: "Finance charges will accrue on any
25 past-due invoices at the rate of 1½% per month (18% per annum), or the maximum rate of interest
26 allowable by law, and will be computed daily and compounded annually."  (Doc. 25, Ex. A) Plaintiff
27 argues that the pre-judgment interest should be awarded as it was a term of sale, set out on the
28 invoices, and is a sum that is owed in connection with the underlying transactions (Doc. 24 at 6).

For the reasons set forth above as to Plaintiff's request for attorneys fees and because pre-judgment interest is owed in connection with the underlying transactions, the Court recommends that Plaintiff's request for pre-judgment interest be **GRANTED**.

    C.  Costs

In addition to damages and interests, Plaintiff seeks reimbursement of court costs in the amount of $809.50.  This amount is supported by the record, as the Court's docket reflects payment of the $350 filing fee, and the return of services reflect a process servicer's fee totaling $459.50 (Doc 26, Ex. A).  Therefore, the Court recommends that Plaintiff's request for an award of the costs incurred in filing this PACA matter  be **GRANTED**.

## VI.   Findings and Recommendations

For the foregoing reasons, it is within the Court's discretion to grant default judgment.  See Aldabe, 616 F.2d at 1092.  Therefore, IT IS HEREBY RECOMMENDED that:

    1.    Plaintiff's request for the entry of default judgment against Defendants be **GRANTED**;

    2.    Plaintiff's request for damages in the amount of $17, 696.00  be **GRANTED**;

    3.    Plaintiff's request for interest in the amount of $2,198.18 be **GRANTED**; and

    4.    Plaintiff's request for $4,886.50 in attorneys' fees and costs be **GRANTED**;.

These Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///
///

1     Replies to the Objections shall be served and filed within 14 days after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 3, 2010**                           **/s/ Jennifer L. Thurston**
                                                                                UNITED STATES MAGISTRATE JUDGE